# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Mahad S.,

      Petitioner,

v.

Markwayne Mullin, *Secretary, U.S. Department of Homeland Security, Department of Homeland Security, in his official capacity*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement, in his official capacity*; Peter Berg, *Director, St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*; Samuel J. Olson, *Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, in his official capacity*; and James Tadman, *Sheriff of Polk County, Minnesota, custodian of detainees of the Northwest Regional Corrections Center*;

      Respondents.[1]

File No. 26-CV-0476 (JMB/JFD)

**ORDER**

---

Karen Venice Bryan, KB Law PLLC, St. Louis Park, MN, for Petitioner Mahad S.

Friedrich A.P. Siekert and Trevor Brown, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, Peter Berg, Samuel J. Olson, and James Tadman.

---

[1] Markwayne Mullin is automatically substituted in for Kristi Noem as the Secretary of the U.S. Department of Homeland Security.

1

This matter is before the Court on Petitioner Mahad S.'s[2] motion for an award of attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).  (Doc. No. 14.)  For the reasons discussed below, the Court grants the motion in part.

## BACKGROUND

Before December 6, 2025, Mahad S., a Somali national with a pending asylum application, had been living in Minnesota for three years, had a valid work permit, and had no criminal history.  (Doc. No. 11 ¶¶ 1–3.)  Mahad S. had been released on his own recognizance under 8 U.S.C. 1226 in November 2022.  Then, on December 6, 2025, Immigrations and Customs Enforcement (ICE) officers arrested and detained Mahad S. as part of the Department of Homeland Security's (DHS) aggressive months-long mass-arrest event in Minnesota known as "Operation Metro Surge."  (*Id.* ¶ 5.)

On January 20, 2026, Mahad S., through counsel, filed a petition for a writ of habeas corpus.  (Doc. No. 2.)  Mahad S. argued, among other things, that he is subject to the detention regime under 8 U.S.C. § 1226, under which he was explicitly released in November 2022, and that Respondents had violated his due process rights by detaining him without first formally revoking his order of release.  (*See id.*)  Respondents filed a boilerplate one-paragraph response, in which they argued that Mahad S.'s indefinite detention was justified under 8 U.S.C. § 1225(b)(2) which, in their view, required the mandatory detention of all noncitizens living in the country who entered the United States

---

[2] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

without inspection because their presence in the country meant that they were "seeking admission." (Doc. No. 10.)

Ultimately, on January 22, 2026, the Court granted Mahad S.'s petition and ordered him released. (Doc. No. 11.) The Court granted the petition on two separate grounds: (1) at the time, Respondents' reading of 8 U.S.C. § 1225(b)(2) was novel and without legal support; *and* "[s]eparate and independent from the applicability of section 1226," (2) the Due Process Clause compelled immediate release because no official made any individualized, discretionary decision to revoke Mahad S.'s section 1226 release. (*Id.* at 8.) Respondents never addressed Mahad S.'s due process argument, and the Court considered that portion of Mahad S.'s request unopposed. (*Id.*) The Court ordered Respondents to release Mahad S. by 4:00 p.m. on January 23, 2026. (*Id.* at 9.) Respondents released Mahad S. in the afternoon of January 22, 2026. (Doc. No. 13.)

Mahad S. timely filed a petition for fees and costs under the EAJA. (Doc. No. 14.)

### DISCUSSION

Petitioner Mahad S. seeks his attorneys' fees and costs under the EAJA in the amount of $6,092.23. Respondents oppose the motion.

The EAJA is meant to eliminate barriers to the average person who seeks to challenge unreasonable government action. *Jerson A.D.G. v. Bondi*, No. 26-CV-0516 (DWF/SGE), 2026 WL 776808, at *1 (D. Minn. Mar. 19, 2026) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990)). In that vein, the EAJA provides that a "prevailing party" with a qualifying net worth may recoup their "fees and other expenses . . . incurred by that party in any civil action . . .unless the court finds that the position of the United States was

3

substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). A motion for fees and costs under the EAJA must be brought within thirty days of a final judgment. 28 U.S.C. § 2412(d)(1)(B).

Respondents do not dispute that Mahad S. was the prevailing party in this action. Instead, Respondents argue only that their basis for opposing Mahad S.'s petition—that is, their interpretation of 8 U.S.C. § 1225(b)(2) as requiring Mahad S.'s mandatory detention—was substantially justified. On this point, Respondents bear the burden of proof. *Friends of the Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995). To be substantially justified, Respondents' argument need not have been correct, but it must have been "justified to a degree that could satisfy a reasonable person." *Bah v. Cangemi*, 548 F.3d 680 (8th Cir. Nov. 28, 2008). At the time Mahad S.'s petition was pending, the Court rejected Respondents' interpretation of section 1225(b)(2) because it had no legal support. However, since that time, the Eighth Circuit issued its decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), lending support to Respondents' novel interpretation. *Id.* at 1133–35 (concluding that section 1225(b)(2) requires the mandatory detention of non-citizens, without any individualized determination and regardless of whether the non-citizen is encountered at the border at the time of entry or in the interior of the United States months, years, or decades after entry). *But see Rodriguez Vazquez v. Bostock*, __F.4th__, __, No. 25-6842, 2026 WL 2196424, at *9, 16 (9th Cir. July 30, 2026) (rejecting Respondents' "newfound interpretation" as inconsistent with "the assertedly unambiguous language of the statute" and because "it raises various textual and interpretive

problems" and citing similar holdings from the Second, Sixth, Tenth, and Eleventh Circuits).

The holding in *Avila*, however, does not compel denial of the instant motion. In this case, the Court's decision to grant Mahad S.'s petition did not rest on the resolution of the parties' competing interpretations of 8 U.S.C. §§ 1225 and 1226 alone. Instead, the Court granted the petition on an alternative ground, "[s]eparate and independent" from the disagreement concerning sections 1225 and 1226: Mahad S.'s mandatory detention violated due process because Respondents detained Mahad S. without first revoking his order of release. (Doc. No. 11 at 8.) Importantly, Respondents never disputed this alternative basis for granting the petition. Respondents' failure to respond to this basis for relief—a legal argument that ultimately won the day—was not substantially justified. Further, in response to Mahad S.'s motion, Respondents make no assertion that their failure to respond was justified. Nor do Respondents offer any argument that their detention of Mahad S. in violation due process was justified at all, let alone substantially justified. As a result, Mahad S. is entitled to his fees and costs under the EAJA.

Respondents also argue that the amount of fees sought by Mahad S. should be reduced because certain entries are facially unreasonable. The Court agrees with Respondents in part and will exclude the following entry from the total award: a January 20, 2026 entry for 1.25 hours ($326.40) to review a show-cause order that does not exist on the docket.

Based on the foregoing, and on all of the files, records, and proceedings herein, IT

IS HEREBY ORDERED THAT:

1.    Petitioner Mahad S.'s motion for attorney's fees under the EAJA (Doc. No. 14) is GRANTED IN PART.

2.    Petitioner Mahad S. is awarded $6.70 in costs and $5,765.83 in attorney's fees.

Dated:  August 7, 2026                                    /s/ *Jeffrey M. Bryan*
                                                          Judge Jeffrey M. Bryan
                                                          United States District Court

6